UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EVANGELOS DIMITRIOS SOUKAS,

    Petitioner,

vs.

MARION FEATHER,

    Respondent.

CASE NO.: C11-1356-RAJ-JPD

REPORT AND RECOMMENDATION

Petitioner Evangelos Dimitrios Soukas, proceeding *pro se* and *in forma pauperis*, petitions for 28 U.S.C. § 2241 habeas relief and moves for appointment of counsel. Mr. Soukas contends that the Bureau of Prisons ("BOP") violated his right to due process in a July 2011 administrative hearing that resulted in his release date being moved from August 11, 2011 to November 26, 2011. The Court recommends DENYING Mr. Soukas's § 2241 habeas petition without prejudice for failure to exhaust administrative remedies and DENYING his motion to appoint counsel.

## BACKGROUND

In 2005, Mr. Soukas pleaded guilty to federal crimes and was sentenced to 92 months of imprisonment and three years of supervised release. (Habeas Petition, at 1–2.) Mr. Soukas

REPORT AND RECOMMENDATION
PAGE 1

states that he was granted a one year Residential Drug Abuse Program ("RDAP") reduction in his sentence, was placed in Pioneer Fellowship House on April 14, 2011, and his scheduled release date was August 11, 2011. (*Id.* at 3.) He alleges that on July 1, 2011, he was confronted with having violated the conditions of his confinement. (*Id.* at 4–7.) According to Mr. Soukas, at an administrative hearing on July 11, 2011, he was found guilty of BOP infractions related to "deviating, porn, [P]ay[P]al, and uploads of porn to the [I]nternet." (*Id.* at 7.)

This Court is the proper venue for this action because Mr. Soukas is currently confined at the Federal Detention Center - SeaTac, which is located within the Western District of Washington. *See* 28 U.S.C. § 2241(a).

## DISCUSSION

Mr. Soukas contends that his right to due process was violated because he never received proper notice of the charges against him and he was treated improperly during the administrative hearing. (*Id.* at 12–15.) He alleges that any attempt to exhaust administrative remedies would be futile because his original release date of August 11, 2011, has already passed. (*Id.* at 15–16.) He moves for appointment of counsel because of the time-sensitive nature of his claims, and because he generally lacks legal knowledge. (Motion for Appt. of Counsel, at 1–2.)

The Court recommends dismissing Mr. Soukas's § 2241 petition without prejudice for failure to exhaust administrative remedies. Mr. Soukas's pleadings and attachments show that he has declined to avail himself of existing, administrative remedies and his allegations fail to demonstrate that doing so would be futile. The Court also recommends denying his motion for appointment of counsel.

**I.      Administrative Exhaustion**

Mr. Soukas properly brought this matter as a § 2241 habeas petition that challenges the manner and conditions of the execution of his sentence. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). Nevertheless, before petitioning for habeas relief, federal prisoners are required to exhaust their administrative remedies through the BOP. *Fraley v. U.S. Bureau of*

REPORT AND RECOMMENDATION
PAGE 2

*Prisons*, 1 F.3d 924, 925 (9th Cir. 1993); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986). A federal prisoner need not exhaust administrative remedies if pursuing those remedies would be futile. *Fraley*, 1 F.3d at 925.

The Court finds that Mr. Soukas has failed to exhaust his administrative remedies through the BOP. At 7:09 pm on August 9, 2011, Mr. Soukas e-mailed facility staff to ask for clarification about the violations, and to request a copy of the incident report. (Habeas Petition, at 20.) At 8:37am on August 10, 2011, the Unit Manager responded: "You were found guilty of a 205 and a 309. You will get a copy when I get the copy. Right now I can't access inmate accounts, the system might be down." (*Id.*) On August 11, 2011, Mr. Soukas e-mailed the Unit Manager again, stating that he needed the incident report so that he could legally appeal to the regional office and file in federal court. (*Id.* at 19.) Hours later, the Unit Manager responded: "I can't give you what I don't have. The CCM's office has assured me they will forward it to me the minute they get it. Your time to appeal does not start until you actually get the report." According to the extant record, Mr. Soukas never appealed administratively. Instead, on August 8, 2011, he completed an *in forma pauperis* application for the federal action (Dkt.1, at 2); on August 15, 2011, he signed his § 2241 petition (Habeas Petition, at 17); and on August 16, 2011, the matter was filed in federal court. Although Mr. Soukas alleges that it would be futile to seek administrative relief, nothing in the record supports this allegation.

**II.     Motion for Appointment of Counsel**

The district court has the discretion to appoint counsel in habeas matters. *See Chaney v. Lewis,* 801 F.2d 1191, 1196 (9th Cir. 1986). The district court must appoint counsel when the case is so complex that the lack of counsel would result in the denial of due process. *See Brown v. United States,* 623 F.2d 54, 61 (9th Cir. 1980) (citing *Dillon v. United States,* 307 F.2d 445, 446–47 (9th Cir. 1962)). The Court may also consider whether the interests of justice otherwise require the appointment of counsel. *See Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990) (quoting 18 U.S.C. § 3006A(a)(2)(B)). This determination is guided by an assessment of

petitioner's ability to articulate his claim, the complexity of the legal issues, and the likelihood of success on the merits. *See Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

The Court finds that Mr. Soukas should not be afforded appointed counsel for his present § 2241 petition. Mr. Soukas declined to administratively appeal; instead he rushed to federal court with detailed factual allegations. He has thus shown great facility in articulating a straightforward due-process claim that should not be examined until he has administratively exhausted his remedies.

## CONCLUSION

The Court recommends DENYING Mr. Soukas's § 2241 habeas petition without prejudice for failure to exhaust administrative remedies and DENYING his motion to appoint counsel. A proposed order is attached.

DATED this 25th day of August, 2011.

*/s/ James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge